**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| PHILLIPE PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:26-cv-203-AZ |
| ) | |
| TAE WALTERS and CONTAINERPORT ) | |
| GROUP INC, ) | |
| ) | |
| Defendants. ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Motion to Remand [DE 12]. On May 5, 2026, Defendants filed a notice of removal, removing this case from the Lake County Indiana Superior Court. DE 1. Defendants stated in their notice of removal that removal was proper and that this Court had subject matter jurisdiction over the case because the parties were citizens of different states. 28 U.S.C. § 1332(a). No claims were brought under federal law and Defendants did not assert federal question subject matter jurisdiction under 28 U.S.C. § 1331. The notice of removal states that Plaintiff is a citizen of Illinois and Defendant Walters is a citizen of Indiana. DE 1 ¶ 19–20. But 28 U.S.C. § 1441(b)(2) states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendant Walters is a citizen of Indiana who was served before removal, and no party suggests

Walter was improperly joined. Thus under § 1441(b)(2) this case should not have been removed from state court. Defendants state they do not oppose the Motion to Remand. DE 13.

But because this civil case was directly assigned to a United States Magistrate Judge without a presiding District Court Judge, *see* N.D. Ind. General Order 2025-15 *available at* https://www.innd.uscourts.gov/sites/innd/files/2025-15.pdf, and the parties have not yet had an opportunity to consent to my jurisdiction, I do not have the authority to grant the motion. *See* 28 U.S.C. § 636(c).

Accordingly, the Court **DIRECTS** the Clerk of Court to assign a District Court Judge to this matter and **RECOMMENDS** that the District Court Judge **GRANT** Plaintiff's Motion to Remand [DE 12] and **REMAND** this matter to state court. This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. Failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. 28 U.S.C. § 636(b)(1); *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 516 (7th Cir. 2007); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904–05 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

SO ORDERED this 12th day of June, 2026.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

2